*281 ORDER
(Granting Motion to Dismiss)
TODD R. MATHA, Chief Judge.
INTRODUCTION
The Court must determine whether to grant the defendant’s motion to dismiss. *282 The plaintiff failed to articulate basic facts and circumstances within her initial pleading, and subsequently provided untenable causes of action within a discovery document. The Court, therefore, dismisses the election challenge.
PROCEDURAL HISTORY
The Court recounts the procedural history in significant detail in a previous judgment. Scheduling Order, CV 08-86 (HCN Tr. Ct„ Dec. 1, 2008) at 1. For purposes of this decision, the Court notes that the defendant, Ho-Chunk Nation Election Board (hereinafter Election Board), by and through Ho-Chunk Nation Department of Justice (hereinafter DOJ) Attorney Michelle M. Greendeer, submitted its Answer & Motion to Dismiss on December 2, 2008, which constituted an untimely filing.[1] See Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R.'Civ. P.), Rules 19(A), 76(A). To facilitate the prompt resolution of this matter, the Court scheduled a Pre-Trial Hearing. Scheduling Order at 2.
The Court convened the Hearing on December 2, 2008 at 2:30 p.m. CST. The following parties appeared at the Pre-Trial Hearing: Gloria J. Visintin, plaintiff (by telephone); Judith A. Whitehorse, defendant’s designated representative; and DOJ Attorney Michelle M. Greendeer, de-. fendant’s counsel. At the Hearing, the Court established deadlines for the filing of an amended complaint,[2] amended responsive pleading,[3] and amended disposi-tive motion, if necessary.[4] Additionally, the Court tentatively scheduled a Motion Hearing in the event the defendant reasserted its Motion to Dismiss.[5]
On December 3, 2008, the plaintiff filed her mandatory discovery disclosures. See Scheduling Order at 1. The following day, the plaintiff submitted her Answer to Defendant’s Interrogatories, which the defendant presented on December 3, 2008. The *283 defendant filed an Amended Answer and Reassertion of Motion to Dismiss on December 5, 2008, thereby necessitating a Motion Hearing. The Court convened the Hearing on Tuesday, December 9, 2008 at 1:30 p.m. CST.[6] The following parties appeared at the Hearing: Gloria J. Visintin, plaintiff (by telephone); Judith A. Whitehorse, defendant’s designated representative (by telephone); and DOJ Attorney Michelle M. Greendeer, defendant’s counsel.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION (Reprinted Jan. 25, 2008)
Art. V—Legislature
Sec. 1. Composition of the Legislature.
(b) The Legislature shall be composed of Representatives from the following Districts, subject to Section 4 of this Article: the Black River Falls District, consisting of Clark, Eau Claire and Jackson counties, which shall elect three (3) members; the Wisconsin Dells District, consisting of Wood, Juneau, Adams, Columbia, and Sauk counties, which shall select three (3) members; and the La Crosse-Tomah District, consisting of La Crosse, Monroe, Vernon, and Crawford counties, which shall elect one (1) member; and the Wit-tenberg District, consisting of Marathon and Shawano counties, which shall elect one (1) member; and three (3) members which shall be elected at-large from outside the Districts listed above.
Sec. 4. Redistricting or Reapportionment The Legislature shall have the power to redistrict or reapportion including changing, establishing, or discontinuing Districts. The Legislature shall maintain an accurate census for the purposes of redistricting or reapportionment. The Legislature shall redistrict and reapportion at least once every five (5) years beginning in 1995, in pursuit of one-person/one-vote representation. The Legislature shall exercise this power only by submitting a final proposal to the vote of the people by Special Election which shall be binding and which shall not be reversible by the General Council. Any redistricting or reapportionment shall be completed at least six (6) months prior to the next election, and notice shall be provided to the voters.
Sec. 6. Terms of Office. Members of the Legislature shall serve four (4) year terms which shall be staggered. Legislators shall represent their respective Districts until their successors have been sworn into office except if the Legislator has been successfully removed or recalled in accordance with this Constitution. Members of the Legislature shall be elected by a majority vote of the eligible voters from their respective Districts.
Art. VI—Executive
Sec. 5. Term of Office. The President shall serve four (4) year terms. The President shall serve until a successor has been sworn into office. The President shall be elected by a majority of the eligible voters of the Ho-Chunk Nation.
Art. VII—Judiciary
Sec. 7. Powers of the Supreme, Court.
(b) The Supreme Court shall have the power to establish written rules for the Judiciary, including qualifications to practice before the Ho-Chunk courts, provided such rules are consistent with the laws of the Ho-Chunk Nation.
*284 Sec. 10. Election of Supreme Court Justices. Supreme Court Justices shall be elected by a majority of the eligible voters of the Ho-Chunk Nation, in accordance with the General Election provisions of Article VIII, Section 1, unless otherwise provided.
Art. VIII—Elections
Sec. 2. Special Elections. Special Elections shall be held when called for by the General Council, the Legislature, or by this Constitution or appropriate ordinances. In all Special Elections, notice shall be provided to the voters.
Sec. 4. Election Board. The Legislature shall enact a law creating an Election Board. The Election Board shall conduct all General and Special Elections. At least sixty (60) days before the election, the Election Board may adopt rules and regulations governing elections. Election Board members shall serve for two (2) years. Election Board members may serve more than one term. The Legislature may remove Election Board members for good cause.
Sec. 7. Challenges of Election Results. Any member of the Ho-Chunk Nation may challenge the results of any election by filing suit in Tribal Court within ten (10) days after the Election Board certifies the election results. The Tribal Court shall hear and decide a challenge to any election within twenty (20) days after the challenge is filed in Tribal Court.
Art. XIII—Amendments
Sec. 1. Requirements. This Constitution may be amended by a majority vote of the qualified voters of the Ho-Chunk Nation voting at an election called for that purpose by the Secretary of the Interior, provided, that at least thirty (30) percent of those entitled to vote shall vote in such election; but no amendment shall become effective until approved by the Secretary of the Interior or until deemed approved by the Secretary by operation of law. If the voters adopt the amendment(s), the Secretary of the Interior shall approve such amendment(s) within forty-five (45) days after the election unless the amendments) are contrary to applicable law.
Sec. 2. Requests for a Secretarial Election. It shall be the duty of the Secretary of the Interior to call and hold an election on any proposed amendment to this Constitution at the request of two-thirds (2/3) of the entire Legislature, at the request of the General Council, or upon presentation of a petition signed by thirty (30) percent of the eligible voters of the Ho-Chunk Nation.
Legislative History of Redistricting and Reapportionment, Section 1(B), Article V-Legislature, Constitution of the Ho-Chunk Nation.
Article V—Legislature
Sec. 1. Composition of the Legislature.
January 12, 2002 (New Districts)
Sec. 1(b). The Legislature shall be composed of the eleven (11) representatives elected from the following five (5) Districts established pursuant to the January 12, 2002 Special Election for Redistricting and Reapportionment and subject to Section 4 of this Article.
(1) District 1, consisting of the Wisconsin counties of Barron, Buffalo, Chippewa, Clark, Dunn, Eau Claire, Jackson, Pepin, Pierce, Polk, Rusk, St. Croix, and Trem-pealeau, which shall elect three (3) members;
(2) District 2, consisting of the Wisconsin counties of Crawford, Grant, Iowa, La Crosse, Lafayette, Monroe, Richland, and Vernon, which shall elect one (1) member;
*285 (3) District 3, consisting of the Wisconsin counties of Ashland, Bayfield, Brown, Burnett, Calumet, Door, Douglas, Florence, Fond du Lac, Forest, Iron, Kewau-nee, Langlade, Lincoln, Manitowoc, Marathon, Marinette, Menominee, Oconto, Oneida, Outagamie, Portage, Price, Sawyer, Shawano, Sheboygan, Taylor, Vilas, Washburn, Waupaca, Waushara, and Winnebago, which shall elect one (!) member;
(4) District 4, consisting of the Wisconsin counties of Adams, Columbia, Dane, Dodge, Green, Green Lake, Jefferson, Juneau, Kenosha, Marquette, Milwaukee, Ozaukee, Racine, Rock, Sauk, Walworth, Washington, Waukesha, and Wood, which shall elect three (3) members; and
(5) District 5, consisting of all the area outside the State of Wisconsin, which shall elect three (3) members.
November 1,1994 (Old Districts)
Sec. 1(b). The Legislature shall be composed of Representatives from the following Districts, subject to Section 4 of this Article: the Black River Falls District, consisting of Clark, Eau Claire and Jackson counties, which shall elect three (3) members; the Wisconsin Dells District, consisting of Wood, Juneau, Adams, Columbia, and Sauk counties, which shall select three (3) members; and the La Crosse-Tomah District, consisting of La Crosse, Monroe, Vernon, and Crawford counties, which shall elect one (1) member; and the Wittenberg District, consisting of Marathon and Shawano counties, which shall elect one (1) member; and three (3) members which shall be elected at-large from outside the Districts listed above.
HO-CHUNK NATION JUDICIARY ESTABLISHMENT AND ORGANIZATION ACT, 1 HCC § 1
Subsec. 5. Rules and Procedures.
c.The Judiciary shall have exclusive authority and responsibility to employ personnel and to establish written rules and procedures governing the use and operation of the Courts.
d.All matters shall be tried in accordance with the Ho-Chunk Rules of Procedures and the Ho-Chunk Rules of Evidence which shall be written and published by the Supreme Court and made available to the public.
ELECTION ORDINANCE, 2 HCC § 6
Subsec. 1. Authority.
c. Article V, Section 6 of the Constitution requires that members of the Legislature shall be elected by a majority vote of the eligible voters from their respective Districts.
d. Article VI, Section 5 of the Constitution requires that the President shall be elected by a majority vote of eligible voters of the Ho-Chunk Nation.
e. Article VII, Section 10 of the Constitution requires that Supreme Court Justices shall be elected by a majority vote of the eligible voters of the Ho-Chunk Nation, in accordance with General Election provisions in Article VIII, Section 1, unless otherwise provided.
Subsec. 3. Elections. The Constitution prescribes two (2) types of elections: General Elections and Special Elections. When three (3) or more candidates run for a seat in a General or Special Election, there shall be a Primary Election and, if required, a Runoff Election as described in paragraph c, below.
c. Primary Elections and Runoff Elections.
(1) Primary Elections shall be held prior to an Election with three (3) or more candidates in order to ensure compliance with the majority vote requirement as pro *286 vided for in paragraphs lc through le, above.
Subsee. 5. Elective Offices and Terns.
a. Legislature.
(1) Legislative Districts.
(a) The Legislature shall be composed of the eleven (11) Representatives elected from the following Districts that were established by the January 12, 2002 Special Election for Redistricting and Reapportionment.
District 1: Wisconsin Counties of Barron, Buffalo, Chippewa, Clark, Dunn, Eau Claire, Jackson, Pepin, Pierce, Polk, Rusk, St. Croix, and Trempealeau.
District 2: Wisconsin Counties of Crawford, Grant, Iowa, La Crosse, Lafayette, Monroe, Richland, and Vernon.
District 3: Wisconsin Counties of Ashland, Bayfield, Brown, Burnett, Calumet, Door, Douglas, Florence, Fond du Lac, Forest, Iron, Kewaunee, Lan-glade, Lincoln, Manitowoc, Marathon, Marinette, Menominee, Oconto, Oneida, Outagamie, Portage, Price, Sawyer, Shawano, Sheboygan, Taylor, Wash-burn, Waupaca, Waushara, Winnebago, and Vilas.
District f. Wisconsin Counties of Adams, Columbia, Dane, Dodge, Green, Green Lake, Jefferson, Juneau, Ke-nosha, Marquette, Milwaukee, Ozaukee, Racine, Rock, Sauk, Walworth, Washington, Waukesha, and Wood.
District 5: Outside the State of Wisconsin.
(b) Until modified in accordance with Article V, Section 4 of the Constitution,
the Districts shall be:

Number of Seat

District Legislators Number

District 1: 1 , 2, 3
District 2: 1 1
District 3: 1 1
District 4: 3 1, 2, 3
District 5: 3 1,2,3
Subsec. 15. Challenges to the Election Results.
b. The person challenging the election results shall prove by clear and convincing evidence that the Election Board violated this Election Ordinance or otherwise conducted an unfair election, and that the outcome of the election would have been different but for the violation. If the Court finds the challenge is frivolous and/or wholly without merit, the party challenging shall be assessed costs of the action in an amount to equal five hundred dollars ($500.00).
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 1. Scope of Rules.
Constitution of the Ho-Chunk Nation, Art. VII, sec. 7(B) requires that the Supreme Court establish written rules for the Judiciary. These rules, adopted by the Supreme Court, shall govern the procedure of the Trial Court in all actions and proceedings. The judges of the Trial Court may look to Ho-Chunk customs and traditions for guidance in applying justice and promoting fairness to parties and witnesses.
Rule 3. Complaints.
General. A civil action begins by one of the following procedures:
(A) filing a written Complaint with the Clerk of Court and paying the appropriate fees. The Complaint shall contain short, plain statements of the grounds upon which the Court’s jurisdiction depends, the facts and circumstances giving rise to the action, and a demand for any and all relief that the party is seeking. Relief should include, but is not limited to, the dollar amount that the party is requesting. The Complaint must contain the full names, and addresses of all parties and counsel, as well as a telephone number at which the *287 complainant may be contacted. The Complaint shall be signed by the filing party or his/her counsel, if any.
Rule 19. Filing and Responding to Motions.
(A) Filing. Motions may be filed by a party with any pleading or at any time after their first pleading has been filed. A copy of all written Motions shall be delivered ox-mailed to other parties at least five (5) calendar days before the time specified for a hearing on the Motion. Motions for Extension of Time and More Definite Statement may be filed before the initial pleading.
(B) Responses. A Response to a written Motion must be filed at least one (1) day before the hearing. If no hearing is scheduled, the Response must be filed with the Court and served on the other pax-ties within ten (10) calendar days of the date the Motion was filed. The pax*ty filing the Motion must file any Reply within three (3) calendar days.
Rule 21. Amendments to Pleadings.
Parties may amend a Complaint or Answer one time without leave of the Court prior to the filing of a responsive pleading, or if no responsive pleading Is permitted, at any time within twenty (20) days of the original filing date. Subsequent amendments to Complaints or Answers may only be made upon leave of the Court and a showing of good cause, or with the consent of the opposing party. All amendments to the Complaint or Answer must be filed at least thirty (30) calendar days prior to trial or as othexwise directed by the Court. When an Amended Complaint or Answer is filed, the opposing party shall have ten (10) calendar days, or the time remaining in their original response period, whichever is greater, in which to file an amended responsive pleading.
Rule 54. Default Judgment.
(A) General. A Default Judgment may be entered against a party who fails to answer if the party was personally served in accordance with Rule 5(C)(l)(a)(i) ... ox-informed through other means of judicially authorized service such as publication or if a party fails to appear at a heai'ing, conference or trial for which he/she was given proper notice. A Default Judgment shall not award relief different in kind from, or exceed the amount stated in the request for relief. A Default Judgment may be set aside by the Court only upon a timely showing of good cause.
Rule 74. Application and Purpose; Sanctions; Definitions.
(A) Application. These Special Rules for Election Challenges shall apply to a proceeding where a pax*ty (or parties) seek(s) to challenge an election. Unless otherwise provided for in the Special Rules for Election Challenges, the Rules of Civil Procedure and the Rules of Appellate Procedure shall apply.
Rule 76. Answering an Election Challenge.
(A) The defendant shall file an Answer to the Complaint within five (5) calendar days of the filing of the Complaint in the Court.
Rule 80. Appeals.
(A) Appeals. The final judgment of the Trial Court is appealable to the Supreme Court. The Appellant and/or Appellee may obtain a copy of the trial transcript at their own expense.
1. The Notice of Appeal shall be filed and served within three (3) calendar days of entry of judgment.
*288 2. The Notice of Appeal must state a basis for appeal based upon the laws and/or Constitution op the Ho-Chunk Nation.
3. A Certificate of Service and fifty ($50.00 U.S.) filing fee must accompany the Notice of Appeal.
FINDINGS OF FACT
1. The parties received proper notice of the December 9, 2008 Motion Hearing.
2. The plaintiff, Gloria J. Visintin, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A003116, and maintains an address of W18004 Witt-Birn Townline Road, Wittenberg, WI 54499. Compl., CV 08-86 (Nov. 26, 2008) at 1.
3. The defendant, Election Board, is a constitutionally established entity, and maintains an address of 4 East Main Street, Black River Falls, WI 54615. Const., Art. VIII, § 4.
4. On November 26, 2008, the plaintiff filed a Complaint in which she “ehal-lengjed] HCN Secretarial Election results of November 18, 2008.”[7] Compl. at 2. The plaintiff does not indicate any reason for the challenge, but nonetheless seeks “voi-dance of HCN Secretarial Election ... and [to] apply law as applicable.” Id. at 3.
5. The plaintiffs Complaint fails to satisfy the liberal pleading requirements of the Court, ie., the initial pleading does not contain “the facts and circumstances giving rise to the action.” HCN R. Civ. P. 3(A).
6. The plaintiff failed to file an amended pleading despite receiving an opportunity to do so. See supra, note 2.
7.Instead, the plaintiff articulated two (2) grounds for the election challenge within her December 3, 2008 mandatory discovery disclosures:
a. successful Redistricting/Reapportionment Scenario 5 failed to receive majority vote approval, having acquired only 24.65% of the total votes cast in the November 18, 2008 Special Election, see Def. ⅛ Answer, Attach. A; and
b. the Ho-Chunk Nation Legislature did not call a Secretarial Election in order to incorporate the results of the January 12, 2002 Special Redistricting/Reapportionment Election into the Constitution, thereby confusing the electorate by not supplanting the original legislative districts. PL ⅛ Rule 31 Disclosures, CV 08-86 (Dec. 3, 2008) at 2; see also Const. Arts. V, § 1(b), XI II, § 2, addendum (legislative history).
8. The Court required the defendant to address the plaintiffs above-stated claims despite her failure to file an amended pleading.[8] Mot. Hr’g (LPER at 3, Dec. 9, 2008, 01:41:03 CST).
DECISION
The Court must decide an election challenge within twenty (20) days of its filing. Const, Art. VIII, § 7. This abbreviated timeframe forces the Court to establish rather inflexible deadlines, but it still strives to resolve the substantive disputes at issue in election challenges. The Court recognizes that most challenges represent honest and legitimate concerns of the complainants.
*289 Yet, a plaintiff bears the burden of proof at trial, and must be ultimately capable of establishing “by clear and convincing evidence that the Election Board violated th[e] Election Ordinance or otherwise conducted an unfair election, mid that the outcome of the election would have been different but for the violation.” Election Ordinance, 2 HCC § 6.15b (emphasis added); see also Christine Funmaker-Romano et al v. HCN Election Bd. et al., SU 05-08 (HCN S.Ct., Aug. 3, 2005). This elevated standard serves to winnow out most election challenges. “Undoing an election is an extraordinary act and must be avoided as much as possible. It is therefore only appropriate that the challenger in an election dispute prove a violation by a higher standard than by preponderance of the evidence.” Joyce Warner v. HCN Election Bd., CV 95-03 (HCN Tr. Ct., July 5, 1995) at 2.
In the instant case, the plaintiff cannot conceivably surmount this burden due to the nature of her asserted claims. The plaintiff first contends that a redistricting/reapportionment scenaido must receive a majority vote of the participating electorate in order to effectuate a change to the legislative districts. However, while candidacy elections, ie., presidential, legislative and judicial appellate, require a winner to secure a majority vote, the constitutional redistricting/reapportionment provision contains no such requirement. Compare Const., Arts. V, § 6, VI, § 5, VII, § 10, with id., Art. V, § 4; see also Election Ordinance, § 6.1c-e, 3c(1). The fifty percent plus one (50% + 1) requirement announced in this Court’s first cases in 1995, had nothing to do with redistricting/reapportionment. See, e.g., Jo Ann Jones v. HCN Election Bd. et al., CV 95-05 (HCN Tr. Ct., July 6, 1995) at 5-6, aff'd, SU 95-05 (HCN S.Ct., Aug. 15,1995) at 3-4; see also generally Dennis M. Fun-maker, Sr. v. HCN Election Bd. et al., CV 05-40 (HCN Tr. Ct., May 24, 2005) at 10-18, rev’d on other grounds, SU 05-06 (HCN S.Ct., June 6, 2005).
The plaintiff next claims that a Secretarial Election must follow each Special RedistrictingTleapportionment Election in order to amend Article V, Section 1(b), “Composition of the Legislature,” to reflect changes caused by a new redistricting/reapportionment scenario. Const., Arts. V, §§ 1(b), 4, XIII, §§ 1-2. The Court refrains from directly commenting upon this issue, reserving possible adjudication for the future. To reiterate, the plaintiff must prove that the Election Board either “violated th[e] Election Ordinance or otherwise conducted an unfair election.” Election ordinance, § 6.15b. The plaintiff raises the above issue to demonstrate the potentiality for confusion. The plaintiff argues that the electorate could not intelligently select a new' redistricting/reapportionment without clearly understanding the present legislative districts. The plaintiff also believes that younger voters would be more susceptible to this confusion. Mot. Hr’g (LPER at 13, 02:08:15 CST).
The plaintiffs argument rests upon her supposition that the voting population remains possibly unaware of the present legislative districts due to a failure to amend Article V, Section 1(b). The Court, however, cannot join in this wholly anecdotal argument. The present legislative districts have been utilized since the 2003 General Election, and appear within a constitutional addendum and the election code. Const., addendum (legislative history); Election Ordinance, § 6.5a(l). Furthermore, anyone can gain this information by visiting the legislative website or directly consulting with the Legislature or individual legislators. See http:// www.ho-chunknation.eom/?PageId=284 (last visit *290 ed Dec. 16, 2008). The electorate must be expected to become at least moderately informed of the issues upon which it votes, especially when the information is readily available from several public sources.
The Court consequently must deny the plaintiffs request for relief. The Court grants the defendant’s Motion to Dismiss, which serves to conclude this election challenge. The parties retain the right to appeal this final judgment pursuant to the Special Rules for Election Challenges. HCN R. Civ. P. 80.

. The Court declined to grant a default judgment principally due to the absence of any “facts and circumstances giving rise to the action” contained within the initial pleading. Pre-Trial Conference (LPER at 4, Dec. 2, 2008, 02:35:49 CST) (citing HCN R. Civ. P. 3(A)). The Court retains discretion to grant default judgments by virtue of the permissive wording of the relevant rule. See Citizens Only. Fed. v. Neperud, CV 04-18 (HCN Tr. Ct., Apr. 26, 2004); see also HCN R. Civ. P. 54(A). The Court could have refused to accept the plaintiff’s Complaint due to a clear failure to include the necessary component parts of an initial pleading. See HCN R. Civ. P. 3(A). While the Constitution of the Ho-Chunk Nation (hereinafter Constitution) permits the filing of timely election challenges, thereby conferring automatic standing upon the complainant, Const., Art. VIII, § 7, it also confers authority upon the Ho-Chunk Nation Supreme Court “to establish written rules for the Judiciary.” Id., Art. v. II, § 7(b); see also HCN Judiciary Establishment & Org. Act, 1 HCC § 1.5(c-d). The plaintiff did not abide by the resulting rules that “govern the procedure of the Trial Court in all actions and proceedings.” HCN R. Civ. P. 1. The Court nonetheless accepted the plaintiff’s deficient Complaint, providing her the opportunity to file an amended pleading at a later juncture. See HCNR. Civ. P. 21.

. The Court directed the plaintiff to file her amended pleading on or before Thursday, December 4, 2008, and stated this deadline on three (3) separate occasions. LPER at 11, 12, 15, 03:00:39, 03:05:46, 03:16:00 CST.

. The defendant agreed to file its amended answer on or before Friday, December 5, 2008. Id. at 12, 03:05:46 CST.

. The Court directed the defendant to resubmit, modify or withdraw its Motion to Dismiss on or before Friday, December 5, 2008. Id. at 11, 13, 03:00:39, 03:08:58 CST.

. The Court scheduled a tentative Motion Hearing on Tuesday, December 9, 2008, to address any potential dispositive motions, and stated the particulars of this proceeding on two (2) separate occasions after the parties mutually agreed to the details. Id. at 13, 15, 03:08:58, 03:16:00 CST.

. The plaintiff refrained from filing a written response to the dispositive motion "at least one (1) day before the hearing.” HCN R. Civ. P. 19(B).

. By way of clarification, the Election Board conducted a Special Redistricting/Reapportionment Election, and not a Secretarial Election, which must be called by the Secretary of the Interior for purposes of amending constitutional text. Compare Const., Art, V, § 4, with id., Art. XI II, § 1.

. The Court maintains a long-standing policy of encouraging pro se litigation. See Sherry Wilson v. HCN Dep’t of Pers., CV 05-43 (HCN Tr. Ct., Dec. 21, 2006) at 12-16.