ORDER (Motion to Dismiss Granted)
AMANDA L. ROCKMAN, Associate Judge.
INTRODUCTION
The Court must address a challenge to the November 18, 2008 Special Redistricting/Reapportionment Election, specifically whether to grant the defendant’s motion to dismiss. Subsequently, the plaintiff neither attended the Motion to Dismiss Hearing, nor complied with discovery requests. Thus, the Court dismisses the election challenge.
PROCEDURAL HISTORY
The plaintiff, Paul M. Krause, initiated a cause of action by filing a challenge to th certified results of the November 18, 2008 Special Redistricting/Reapportionment *291 Election through his December 1, 2008 Complaint. See Scheduling Order, CV 08-89 (HCN Tr. Ct, Dec. 1, 2008). On December 5, 2008, the defendants, by and through Ho-Chunk Nation Department of Justice (hereinafter DOJ) Counsel Michelle M. Greendeer, filed the Defendants’ Answer in a timely fashion. See Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.), Rule 76. The Court convened the Pre-Trial Hearing on Monday, December 8, 2008 at 9:30 a.m. CST. The following parties appeared at the Hearing: Paul M. Krause, plaintiff; DOJ Attorney Michelle M. Cleveland, defendant’s counsel and Election Board Chairperson Judy Whitehorse.
The defendant requested that the Court schedule a Motion to Dismiss Hearing, which the Court granted. The Court convened the Motion to Dismiss Hearing on Monday, December 15, 2008 at 1:30 p.m. CST. The following parties appeared at the Hearing: DOJ Attorney Michelle M. Cleveland, defendant’s counsel and Election Board Chairperson Judy Whitehorse. The plaintiff, Paul M. Krause, failed to attend the Motion to Dismiss Hearing in person or by telephone.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION (Reprinted Jan. 25, 2008)
Art. V—Legislature
Sec. 1. Composition of the Legislature.
(b) The Legislature shall be composed of Representatives from the following Districts, subject to Section 4 of this Article: the Black River Falls District, consisting of Clark, Eau Claire and Jackson counties, which shall elect three (3) members; the Wisconsin Dells District, consisting of Wood, Juneau, Adams, Columbia, and Sauk counties, which shall select three (3) members; and the La Crosse-Tomah District, consisting of La Crosse, Monroe, Vernon, and Crawford counties, which shall elect one (1) member; and the Wit-tenberg District, consisting of Marathon and Shawano counties, which shall elect one (1) member; and three (3) members which shall be elected at-large from outside the Districts listed above.
Sec. 4. Redistricting or Reapportionment. The Legislature shall have the power to redistrict or reapportion including changing, establishing, or discontinuing Districts. The Legislature shall maintain an accurate census for the puiposes of redistricting or reapportionment. The Legislature shall redistrict and reapportion at least once every five (5) years beginning in 1995, in pursuit of one-person/one-vote representation. The Legislature shall exercise this power only by submitting a final proposal to the vote of the people by Special Election which shall be binding and which shall not be reversible by the General Council. Any redistricting or reapportionment shall be completed at least six (6) months prior to the next election, and notice shall be provided to the voters.
Ait. VIII Elections
Sec. 2. Special Electicms. Special Elections shall be held when called for by the General Council, the Legislature, or by this Constitution or appropriate ordinances. In all Special Elections, notice shall be provided to the voters.
Sec. 4. Election Board. The Legislature shall enact a law creating an Election Board. 'Hie Election Board shall conduct all General and Special Elections. At least sixty (60) days before the election, the Election Board may adopt rules and regulations governing elections. Election Board members shall serve for two (2) years. Election Board members may *292 serve more than one term. The Legislature may remove Election Board member’s for good cause.
Sec. 7. Challenges of Election Results. Any member of the Ho-Chunk Nation may challenge the results of any election by filing suit in Tribal Court within ten (10) days after the Election Board certifies the election results. The Tribal Court shall hear and decide a challenge to any election within twenty (20) days after the challenge is filed in Tribal Court.
HO-CHUNK NATION JUDICIARY ESTABLISHMENT AND ORGANIZATION ACT, 1 HCC § 1
Subsec. 5. Rules and Procedures.
c. The Judiciary shall have exclusive authority and responsibility to employ personnel and to establish written rules and procedures governing the use and operation of the Courts:
d. All matters shall be tried in accordance with the Ho-Chunk Rules of Procedures and the Ho-Chunk Rules of Evidence which shall be written and published by the Supreme Court and made available to the public.
ELECTION ORDINANCE, 2 HCC § 6
Subsec. 3. Elections. The Constitution prescribes two (2) types of elections: General Elections and Special Elections. When three (3) or more candidates run for a seat in a General or Special Election, there shall be a Primary Election and, if required, a Runoff Election as described in paragraph e, below.
c. Primary Elections and Runoff Elections.
(1) Primary Elections shall be held prior to an Election with three (3) or more candidates in order to ensure compliance with the majority vote requirement as provided for in paragraphs lc through le, above.
Subsec. 15. Challenges to the Election Results.
b. The person challenging the election results shall prove by clear and convincing evidence that the Election Board violated this Election Ordinance or otherwise conducted an unfair election, and that the outcome of the election would have been different but for the violation. If the Court finds the challenge is frivolous and/or wholly without merit, the party challenging shall be assessed costs of the action in an amount to equal five hundred dollars ($500.00).
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 1. Scope of Rules.
Constitution of the Ho-Chunk Nation, Art. VII, sec. 7(B) requires that the Supreme Court establish written rules for the Judiciary. These rules, adopted by the Supreme Court, shall govern the procedure of the Trial Court in all actions and proceedings. The judges of the Trial Court may look to Ho-Chunk customs and traditions for guidance in applying justice and promoting fairness to parties and witnesses.
Rule 3. Complaints.
General. A civil action begins by one of the following procedures:
(A) filing a written Complaint with the Clerk of Court and paying the appropriate fees. The Complaint shall contain short, plain statements of the grounds upon which the Court’s jurisdiction depends, the facts and circumstances giving rise to the action, and a demand for any and all relief that the party is seeking. Relief should include, but is not limited to, the dollar amount that the party is requesting. The *293 Complaint must contain the full names, and addresses of all parties and counsel, as well as a telephone number at which the complainant may be contacted. The Complaint shall be signed by the filing party or his/her counsel, if any.
Rule 19. Filing and Responding to Motions.
(A) Filing. Motions may be filed by a party with any pleading or at any time after their first pleading has been filed. A copy of all written Motions shall be delivered or mailed to other parties at least five (5) calendar days before the time specified for a hearing on the Motion. Motions for Extension of Time and More Definite Statement may be filed before the initial pleading.
(B) Responses. A Response to a written Motion must be filed at least one (1) day before the hearing. If no hearing is scheduled, the Response must be filed with the Court and served on the other parties within ten (10) calendar days of the date the Motion was filed. The party filing the Motion must file any Reply within three (3) calendar days.
Rule 74. Application and Purpose; Sanctions; Definitions.
(A) Application. These Special Rules for Election Challenges shall apply to a proceeding where a party (or parties) seek(s) to challenge an election. Unless otherwise provided for in the Special Rules for Election Challenges, the Rules of Civil Procedure and the Rules of Appellate Procedu re shall apply.
Rule 76. Answering an Election Challenge.
(A) The defendant shall file an Answer to the Complaint within five (5) calendar days of the filing of the Complaint in the Court.
Rule 80. Appeals.
(A) Appeals. The final judgment of the Trial Court is appealable to the Supreme Court. The Appellant and/or Appellee may obtain a copy of the trial transcript at their own expense.
1. The Notice of Appeal shall be filed and served within three (3) calendar days of entry of judgment.
2. The Notice of Appeal must state a basis for appeal based upon the laws and/or Constitution of the Ho-Chunk Nation.
3. A Certificate of Service and fifty ($50.00 U.S.) filing fee must accompany the No tice of Appeal.
FINDINGS OF FACT 1.
1. The parties received proper notice of the December 8, 2008 Pre-Trial Hearing and the December 15, 2008 Motion to Dismiss Hearing. The Court faxed a copy of the Scheduling Order to the plaintiff, Paul M. Krause, on December 1, 2008 at 4:30 p.m. CST. The Court faxed a copy of the Scheduling Order to the defendant, Ho-Chunk Nation Election Board, on the same date and approximate time, and also personally served a representative of the DOJ on the same date. At the Pre-Trial Hearing, the parties scheduled a Motion to Dismiss Hearing on Monday, December 15, 2008 at 1:30 p.m. CDT.
2. The plaintiff, Paul M. Krause, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A003219, and maintains an address of 1819 Green Bay Street, La Crosse, WI 54601. CompL, CV 08-89 (Dec. 1, 2008) at 1.
3. The defendant, Election Board, is a constitutionally established entity, and maintains an address of 206 South Roosevelt Road, Black River Falls, WI 54615. Const., Art. VIII, § 4.
*294 4. On December 1, 2008, the plaintiff filed a Complaint in which he “request ed] relief against the defendant for .... action taken by respondent [sic] in violation of Article V, Section 1(b) and Section 4 of the Constitution of the Ho-Chunk Nation.” Compl. at 1. He further indicated that “[t]he certified results violate[d] the Constitution of the Ho-Chunk Nation.” Id. at 2. Furthermore, in an attached addendum, he cited to a Legislative Resolution indicating that the “Legislature shall be composed of eleven (11) Representatives.” Compl, Attach. 1. HE requested that “the Trial Court nullify the Special Election for Redistricting and Reapportionment of November 18, 2008.” Compl. at 3.
5. At the Pre-Trial Hearing, the presiding judge explained the procedural rules and relevant case law regarding election challenges. Pre-Trial Hr’g (LPER at 2, Dec. 8, 2005, 9:33:09 CDT).
6. Additionally, the Court reiterated the portion of the Scheduling Order, which dealt with discovery requests, noting that discovery requests needed to be received on or before December 9, 2008, and that discovery concluded on December 12, 2008. Id. at 4, 09:38:19 CDT.
7. The defendant submitted a timely discovery request. See Defendant’s Discovery Request, Dec. 9, 2008. The plaintiff did not submit any requests.
8. The plaintiff did not respond to the discovery request.
9. The defendant requested the Court impose a monetary fine of $500.00 upon the plaintiff for initiating a “frivolous and/or wholly without merit” Complaint. Def.’s Mot. to Dismiss at 5; Mot. to Dismiss Hr’g (LPER at 4, Dec. 15, 2008, 01:36:43 CDT).
DECISION
The Court must decide an election challenge within twenty (20) days of its filing. Constitution of the Ho-Chunk Nation [hereinafter Constitution], Art. VIII, § 7. However, the Court dismisses the December 1, 2008 Complaint filed by the plaintiff, Paul M. Krause. The plaintiff attended the December 8, 2008 PreTrial Confererwe and received appropriate notice regarding the December 15, 2008 Motion to Dismiss Hearing and failed to attend the proceeding. The plaintiff rightfully bears the burden of prosecution, and this burden takes on greater urgency within the condensed timeframe of an election challenge. The plaintiff needed to establish “by clear and convincing evidence that the Election Board violated th[e] Election Ordinance or otherwise conducted an unfair election, and that the outcome of the election would have been different but for the violation.” Election Ordinance, 2 HCC § 6.15b (emphasis added); see also Christine Funmaker-Romano et al. v. HCN Election Bd. et al, SU 05-08 (HCN S.Ct., Aug. 3, 2005). In the instant case, the plaintiff did not appear at the Motion to Dismiss Hearing and did not comply with discovery request, and therefore did not meet the defined burden.
The Court recognizes that “most challenges represent honest and legitimate concerns of the complainants.” Visintin v. HCN Election Bd., CV 08-86, 7 Am. Tribal Law 280, 288 (HCN Tr. Ct., Dec. 16, 2008). The Court reserves judgment as to the nature of the plaintiffs claims, but does not believe that they rise to the level of a monetary fine and subsequent delineation of “frivolous and/or wholly without merit” filing. BASED UPON THE FOREGOING, the Court denies the plaintiffs request for relief. The Court grants the defendant’s Motion to Dismiss, which serves to conclude this election challenge. *295 The parties retain the right to appeal this final judgment pursuant to the Special Rules for Election Challenges. HCN R. Civ. P. 80.
IT IS SO ORDERED this 17th day of December 2008, but nunc pro tunc December 15, 2008, by the Ho-Chunk Nation Trial Court located in Black River Falls, WI within the sovereign lands of the Ho-Chunk Nation.